RAMOS, PLAINTIFF AND APPELLEE, *v.* SUCCESSION OF NADAL,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action
for Damages.

No. 2196.—Decided May 6, 1920.

APPEAL.—The fact that an appeal from the final judgment of the lower court
was taken by other attorneys than those who represented the appellant at
the trial is not a ground for the dismissal of the appeal.

ID.—NOTICE OF APPEAL.—Notice of an appeal may be served on the person in
charge of the office of one of the members of the law firm which represents
the appellee, in the absence of the attorney, in accordance with section 320
of the Code of Civil Procedure.

The facts are stated in the opinion.

*Messrs. Francis & de la Haba* and *A. Nazario Lugo* for
the appellant.

*Messrs. Feliu & Alemañy* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellee moved for dismissal of this appeal because
it was taken by a firm of lawyers who did not represent the
appellants in the lower court and because notice of the ap-
peal was not given to the adverse party or his attorney.

After the hearing on this motion the appellants moved
that it be overruled on the ground that they had been given
no notice of it. The appellee opposed this motion and we
must overrule it because the record shows that not only was
notice of the motion for dismissal given to them by mail,
but that the secretary of this court notified them of the
day set for the hearing.

The appellants then moved for leave to file a brief in
opposition to the motion for dismissal or that our ruling
thereon be reserved until the hearing on the appeal. That

motion was accompanied by an affidavit of Gertrudis Benítez averring that on February 13, 1920, she was, and now is, an employee of attorneys Feliú & Alemañy in their office in San Juan; that on the said day a notice of the appeal in this case was given to the said attorneys while both were absent from the office, the affiant receiving a copy of the notice as the person in charge of the office at the time. The appellee opposed this motion in writing, but did not deny the averments of the affidavit and only raised unimportant technical objections; therefore we may take the affidavit into consideration in ruling on the motion for dismissal.

The fact that an appeal from the final judgment of the lower court was taken by attorneys who did not represent the appellant in the lower court is no ground for the dismissal of the appeal. 4 Cyc. 955.

Nor is the second ground of the motion for dismissal well founded, for it appears from the record that on February 13, 1920, notice of the appeal was given to attorney Leopoldo Feliú of the law firm of Feliú & Alemañy, Gertrudis Benítez signing for him, and that, according to her affidavit, she was on that date an employee of the said firm and, in the absence of the members of the firm and as the person in charge of the office, received the notice, a method of giving notice which is authorized by section 320 of the Code of Civil Procedure providing that the service of a notice or other papers may be personal, by delivery to the party or attorney on whom the service is required to be made, or if upon an attorney it may be made during his absence from his office, by leaving the notice or other papers with his clerk therein, or with a person having charge thereof.

The motion for dismissal of the appeal must be

*Overruled.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.